IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01367-BNB

GERALD MAX ANDREWS, JR.,

    Plaintiff,

v.

ALAN STANLEY,
JANE JOHN DOE TIME COMP, and
JOE ORTIZ,

    Defendants.





## ORDER OF DISMISSAL

Plaintiff, Gerald Max Andrews, Jr., is in the custody of the Colorado Department of Corrections (DOC) at the Colorado Territorial Correctional Facility in Cañon City, Colorado. He has filed *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and an amended Prisoner Complaint for money damages pursuant to 42 U.S.C. § 1983 (2006), alleging that his rights under the United States Constitution have been violated. On August 11, 2008, Mr. Andrews filed an amendment to the amended complaint. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

Mr. Andrews contends that, due to a time computation error, the DOC is holding him 168 days past his mandatory date of release on parole. The Court must construe the amended complaint liberally because Mr. Andrews is representing himself. *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the amended complaint and the action without prejudice.

Mr. Andrews may not recover damages for the claims he is asserting in this action because those claims challenge the validity of the decision to release him on parole. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole).

Mr. Andrews does not allege, and nothing in the Court's file indicates, that he has invalidated the decision not to release him on mandatory parole. Therefore, the claims for damages are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Although the Court entered an Order of Dismissal and Judgment in this action approximately on September 24, 2008, it has come to the Court's attention that the

order and judgment were never docketed. Therefore, the Court is re-entering the dismissal order and the judgment. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice as barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this １st day of Sept., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01367-BNB

Gerald Max Andrews, Jr.,
Prisoner No. 60139
Colorado Territorial Correctional Facility
PO Box 1010
Cañon City, CO 81215- 1010

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/2/09

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk